UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

TAN TRAN,

    Plaintiff,

v.                                        COMPLAINT
                                                Case Number: 21-925

ACME-MACHELL, COMPANY, INC.,

    Defendant.

Plaintiff, Tan Tran, through his attorneys, Alan C. Olson & Associates, s.c., by Alan C. Olson, Kelsey R. S. Kerr and Nicholas O. Yurk, alleges in this Complaint as follows:

## NATURE OF THE CASE

1. Plaintiff, Tan Tran, alleges that Defendant, Acme-Machell Company, Inc., interfered with his rights under the Family and Medical Leave Act of 1993, ("FMLA") [29 U.S.C. § 2601, *et. seq.*] as amended by the Families First Coronavirus Response Act ("FFCRA") [29 U.S.C. § 2620; § 2612(c)], the Emergency Family and Medical Leave Expansion Act ("EFMLEA") [29 U.S.C. § 2612(a)(1)(F); § 2612(c); § 2620; § 2620 notes] and the Emergency Paid Sick Leave Act ("EPSLA") [29 U.S.C. § 2601 notes], by refusing to reinstate him to the position of employment held by Mr. Tran when the leave commenced; or to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment; and, retaliated against Mr. Tran for exercising his FMLA, FFCRA, EFMLEA and EPSLA rights.

## JURISDICTION AND VENUE

2. Jurisdiction over Mr. Tran's claims under the FMLA, FFCRA, EFMLEA and

EPSLA, [29 U.S.C. § 2601, *et. seq*.] is conferred on this Court by 29 U.S.C. § 2617(a)(2).

3. Pursuant to 28 U.S.C. § 1391(b) and (c), venue is proper in this Court because a substantial part of the events or omissions giving rise to Mr. Tran's claims occurred in this District and Acme-Machell Company, Inc. has substantial and systematic contacts in this District.

## CONDITIONS PRECEDENT

4. All conditions precedent to this action within the meaning of Rule 9(c), Fed.R.Civ.P., have been performed or have otherwise occurred.

## JURY DEMAND

5. Plaintiff hereby requests a trial by jury, pursuant to Fed.R.Civ.P. 38(b).

## PARTIES

6. Plaintiff, Mr. Tran, is an adult who resides at 402 E. Red Pine Circle, Dousman, WI 53118.

7. Defendant, Acme-Machell, Company, Inc. ("AMC"), is incorporated under the laws of the State of Wisconsin, and makes specialty rubber products at its principal place of business located at 2000 Airport Rd, Waukesha, WI 53188.

## OPERATIVE FACTS

8. On or about January 21, 2019, Mr. Tran commenced employment with AMC in the capacity of an accountant.

9. AMC employed more than 50 and less than 500 employees during the relevant time period.

10. Mr. Tran was eligible for the FMLA, FFCRA, EFMLEA and EPSLA protections.

11. AMC does not qualify for an exemption from the FFCRA.

12. AMC was covered by the FMLA, FFCRA, EFMLEA and EPSLA.

13. On or about March 24, 2020, the State of Wisconsin enacted a Stay At Home Order, which provided in pertinent part, as follows:

    a. All businesses, including Essential Businesses and Operations, shall, to the greatest extent possible, use technology to avoid meeting in person, including virtual meetings, teleconference, and remote work (i.e., work from home). Businesses may not engage in door-to-door solicitation, regardless of its purpose or status as an Essential Business or Operation.

    b. All Essential Businesses and Operations are encouraged to remain open. To the greatest extent feasible, Essential Businesses and Operations shall comply with Social Distancing Requirements as defined in this Order; in doing so, Essential Businesses and Operations shall, to the greatest extent possible, ensure that both employees and members of the public are maintaining six-foot social distancing, including but not limited to when any customers are standing in line.

    c. When taking any action permitted under this Order, all individuals, organizations, government bodies, and any other permitted group of individuals shall, to the extent possible, follow DHS guidelines located here: https://www.dhs.wisconsin.gov/covid-19/index.htm.

    d. Social Distancing Requirements includes maintaining social distancing of six (6) feet between people; washing hands with soap and water for at least 20 seconds as frequently as possible or using hand sanitizer; covering coughs or sneezes (into the sleeve or elbow, not hands); regularly cleaning high-touch

- 3 -
Case 2:21-cv-00925-PP    Filed 08/09/21    Page 3 of 6    Document 1

surfaces; not shaking hands; and following all other public health recommendations issued by DHS and the U.S. Centers for Disease Control.

14. On April 2, 2020, Mr. Tran gave written notice to AMC from his medical doctor stating that he needed to make care arrangements for his wife who was medically restricted to her home and has a medical condition that puts her at high risk for complications due to viruses such as COVID-19.

15. Mr. Tran provided sufficient notice to AMC of his intent to take FFCRA leave.

16. Mr. Tran had been employed by AMC at least thirty (30) days at the time he requested FFCRA leave.

17. As a full-time employee, Mr. Tran was eligible for up to 12 weeks of FFCRA leave (two weeks of paid sick leave pursuant to 29 U.S.C. § 2601 note, followed by up to 10 weeks of paid expanded family & medical leave at two-thirds of his regular wages pursuant to the EFMLEA) at 40 hours a week, pursuant to 29 U.S.C. § 2620 and § 2620(b)(2).

18. During the COVID-19 pandemic, AMC failed to follow protocols for social distancing or mask wearing in the workplace as recommended by state and federal agencies.

19. Mr. Tran opposed AMC's failure to follow protocols for social distancing or mask wearing in the workplace as recommended by state and federal agencies.

20. On June 5, 2020, AMC instructed Mr. Tran to return to the workplace during normal working hours.

21. On or about October 29, 2020, AMC took away job responsibilities that Mr. Tran had prior to exercising his FMLA rights.

22. On or about December 21, 2020, AMC terminated Mr. Tran's employment because he exercised his rights under the FMLA, FFCRA, EFMLEA and EPSLA.

23. AMC denied Mr. Tran the benefits to which he was entitled.

24. AMC's willful and bad faith violations of Mr. Tran's rights under the FMLA, FFCRA, EFMLEA and EPSLA resulted in the termination of his employment on or about December 21, 2020, causing him to suffer a loss of pay and benefits.

### FIRST CLAIM FOR RELIEF
### FFCRA INTERFERENCE § 2615(a)(1)

25. As and for a first claim for relief, Mr. Tran re-asserts the allegations recited above, and fully incorporates those paragraphs herein by reference.

26. AMC deprived Mr. Tran of FMLA, FFCRA, EFMLEA and EPSLA entitlement in violation of 29 U.S.C. § 2615(a)(1) on the basis that he was eligible for the protections of FMLA, FFCRA, EFMLEA and EPSLA, AMC was covered by the FMLA, FFCRA, EFMLEA and EPSLA, Mr. Tran was entitled to leave under the FMLA, FFCRA, EFMLEA and EPSLA, and AMC denied his FMLA, FFCRA, EFMLEA and EPSLA benefits to which he was entitled.

27. The allegations more particularly described above caused Mr. Tran wage loss, benefits loss, and expenses, all to his damage.

### SECOND CLAIM FOR RELIEF
### FFCRA RETALIATION § 2615(a)(2)

28. As and for a second claim for relief, Mr. Tran re-asserts the allegations recited above, and fully incorporates those paragraphs herein by reference.

29. AMC violated 29 U.S.C. § 2615(a)(2) by taking the materially adverse action of constructively discharging Mr. Tran's benefits and employment on account of his activity protected by the FMLA, FFCRA, EFMLEA and EPSLA.

30. The allegations more particularly described above regarding the intentional discriminatory practices of AMC, were not made with good faith or reasonable grounds for

- 5 -
Case 2:21-cv-00925-PP   Filed 08/09/21   Page 5 of 6   Document 1

believing that the conduct did not violate the FMLA, FFCRA, EFMLEA and EPSLA.

31. The allegations more particularly described above caused Mr. Tran wage loss, benefits loss, and expenses, all to his damage.

WHEREFORE Mr. Tran demands relief as follows:

a. Damages equal to the amount of wages, employment benefits, and other compensation denied or lost by reason of the FMLA, FFCRA, EFMLEA and EPSLA violation pursuant to 29 U.S.C. § 2617;

b. the interest on said damages calculated at the prevailing rate pursuant to 29 U.S.C. § 2617;

c. equitable relief as may be appropriate, including employment, reinstatement, and promotion pursuant to 29 U.S.C. § 2617;

d. a reasonable attorney's fee pursuant to 29 U.S.C. § 2617;

e. reasonable expert witness fees pursuant to 29 U.S.C. § 2617;

f. costs of the action pursuant to 29 U.S.C. § 2617;

g. an additional amount as liquidated damages equal to the sum of damages and interest pursuant to 29 U.S.C. § 2617; and

h. such other relief as the court deems just and equitable.

Dated this <u>9th</u> day of August, 2021.

<u>s/ Alan C. Olson</u>
Alan C. Olson, SBN: 1008953
Kelsey R. S. Kerr, SBN: 1113700
Attorneys for Plaintiff
Alan C. Olson & Associates, S.C.
2880 S. Moorland Rd.
New Berlin, WI 53151
Telephone: (262) 785-9606
Fax: (262) 785-1324
Email: AOlson@Employee-Advocates.com

- 6 -
Case 2:21-cv-00925-PP   Filed 08/09/21   Page 6 of 6   Document 1