TAN TRAN,

        Plaintiff,

        v.                                          Case No. 21-cv-925-pp

ACME MACHELL COMPANY, INC.,

        Defendant.

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 8), GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DKT. NO. 12) AND SETTING DEADLINE FOR PLAINTIFF TO FILE SECOND AMENDED COMPLAINT**

On August 9, 2021, the plaintiff filed a complaint alleging that the defendant—his employer—had violated the Family and Medical Leave Act (as amended by the Families First Coronavirus Response Act), the Emergency Family and Medical Leave Expansion Act and the Emergency Paid Sick Leave Act. Dkt. No. 1. The plaintiff also alleged that the defendant retaliated against him for exercising his rights under FMLA, FFCRA, EFMLEA and EPSLA. Id. at ¶¶26, 29.

The defendant has filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 8. The plaintiff since has sought leave to amend the complaint, dkt. no. 12, and filed a proposed amended complaint, dkt. no. 12-1. The court will grant the motion to dismiss, grant the plaintiff's motion for leave to amend and ask the clerk's office to docket the proposed

amended complaint as the operative complaint. Given the issues the court will discuss in this order, the court also will give the plaintiff a deadline by which to file a second amended complaint, should he choose to do so.

## I.    Background

The plaintiff is an adult resident of Wisconsin; in January 2019, he began working for the defendant, a Wisconsin corporation that makes specialty rubber products. Dkt. No. 1 at ¶¶6-8. He asserts that the defendant terminated his employment on December 21, 2020. Id. at ¶22.

The plaintiff asserts that the defendant employed more than fifty and less than 500 employees during the relevant period. Id. at ¶9. He says that he was "eligible for the FMLA, FFCRA, EFMLEA and EPSLA protections," and that the defendant did not qualify for any exemption from the FFCRA. Id. at ¶¶10-11. He contends that the defendant was "covered by the FMLA, FFCRA, EFMLEA and EPSLA." Id. at ¶12. The plaintiff says that he was a full-time employee eligible for up to twelve weeks of FFCRA leave, "two weeks of paid sick leave pursuant to 29 U.S.C. §2601 note, followed by up to 10 weeks of paid expanded family & medical leave at two-thirds of his regular wages pursuant to the EFMLEA." Id. at ¶17.

The plaintiff explains that on March 24, 2020, Wisconsin enacted a "Stay at Home Order." Id. at ¶13. He describes the components of that order: it mandated that, to the extent possible, essential businesses use technology to avoid meeting in person; it encouraged essential businesses to remain open while complying with social distancing requirements, to the extent possible; it

2

encouraged businesses to follow Wisconsin Department of Health Services guidelines to the extent possible; and it defined certain protocols such as social distancing, hand-washing, covering coughs and sneezes, regularly cleaning high-touch surfaces and avoiding shaking hands. Id.

The plaintiff asserts that on April 2, 2020 (about a week after the Stay at Home Order went into effect), he gave the defendant a note from his physician stating that his wife was medically restricted to their home because she had a medical condition that put her at high risk for complications from viruses like COVID-19 and the plaintiff needed to make care arrangements for her. Id. at ¶14. The plaintiff maintains that that was "sufficient notice" to the defendant of his intent to take FFCRA leave and that he had been employed by the defendant for at least thirty days at the time he requested leave under the FFCRA. Id. at ¶¶15-16. According to the plaintiff, the defendant failed to follow recommended state and federal social distancing and masking protocols during the COVID-19 pandemic. Id. at ¶18. He says that the "opposed" the defendant's failure to follow these protocols. Id. at ¶19.

The plaintiff alleges that on June 5, 2020, the defendant instructed him to return to the workplace during normal working hours. Id. at ¶20. He says that around October 29, 2020, the defendant "took away job responsibilities that [the plaintiff] had prior to exercising his FMLA rights." Id. at ¶21. The plaintiff asserts that he was fired on or about December 21, 2020 because he "exercised his rights under the FMLA, FFCRA, EFMLEA and EPSLA" and that the defendant denied him "the benefits to which he was entitled." Id. at ¶¶22-

23. He alleges that the defendant's decision to fire him was willful and in bad faith and caused him to suffer a loss of pay and benefits. Id. at ¶24. He seeks damages, interest, equitable relief such as employment or reinstatement or promotion, fees and costs and liquidated damages. Id. at ¶31.

## II.    Motion to Dismiss (Dkt. No. 8)

### A.    Jurisdiction

The court has federal question jurisdiction under 28 U.S.C. §1331 because the plaintiff has sued under federal statutes: 29 U.S.C. §2601 and 29 U.S.C. §2620.

### B.    Standard for Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); Hosea v. Slaughter, 669 Fed. App'x 791, 792 (7th Cir. 2016) (quoting Gibson v. City of Chi., 910 F.2d 1510, 1520 (7th Cir. 1990)). "[A] judge reviewing a motion to dismiss under Rule 12(b)(6) cannot engage in fact-finding." In re Consol. Indus., 360 F.3d 712, 717 (7th Cir. 2004) (citing Int'l Mktg., Ltd. v. Archer-Daniels-Midland Co., 192 F.3d 724, 730 (7th Cir. 1999)). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." Alarm Detection Sys., Inc. v. Vill. of Schaumburg, 930 F.3d 812, 821 (7th Cir. 2019) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

4

When evaluating a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the light most favorable to the plaintiff, accepts all well-pleaded facts as true and draws reasonable inferences in the plaintiff's favor. Taha v. Int'l Bhd. of Teamsters, Local 781, 947 F.3d 464, 469 (7th Cir. 2020) (citing Yeftich v. Navistar, Inc., 722 F.3d 911, 915 (7th Cir. 2013)). See also, Gociman v. Loyola Univ. of Chi., ___ F.4th ___, 2022 WL 2913751, at *4 (7th Cir. July 5, 2022) ("At the motion to dismiss stage, we accept all well-pled facts alleged in the complaint as true and draw all reasonable inferences in plaintiffs' favor."). "[L]egal conclusions and conclusory allegations merely reciting the elements of a claim," however, "are not entitled to this presumption of truth." McCauley v. City of Chi., 671 F.3d 611, 616 (7th Cir. 2011) (citing Iqbal, 556 U.S. at 678).

C.    Analysis

The defendant attached to its brief in support of the motion to dismiss a copy of the plaintiff's note from his doctor. Dkt. no. 9-1. The defendant asserts that the court may consider a document attached to a motion to dismiss if that document is "mentioned in the complaint and if the document is 'central' to the plaintiff's claim." Dkt. No. 9 at 2 n.1 (citing Wright v. Associated Ins. Cos., Inc., 29 F.3d 1244, 1248 (7th Cir. 1994)). The plaintiff disagrees, arguing that his complaint made only one reference to the doctor's note and did not quote from it. Dkt. No. 10 at 11. He also asserts that the note was not "the only notice he provided to Defendant and he should not be denied of the opportunity to present any additional evidence." Id. at 11-12. He argues that the note has not

been authenticated. Id. at 12. Finally, he asserts that if the court decides that it will consider the note, it should convert the defendant's motion to dismiss into a summary judgment motion. Id.

The Seventh Circuit has held that in evaluating the sufficiency of a complaint, the court may "consider documents integral to the complaint that might aid in determining whether a plaintiff is entitled to relief." Gociman, 2022 WL 2913751 at *4 (citing Phillips v. Prudential Ins. Co. of Am., 714 F.3d 1017, 1020 (7th Cir. 2013)). See also, Amin Ijbara Equity Corp. v. Vill. of Oak Lawn, 860 F.3d 489, 493 n.2 (7th Cir. 2017) ("When ruling on a motion to dismiss, the court may consider 'documents ... attached to the complaint, documents ... central to the complaint and ... referred to in it, and information that is properly subject to judicial notice.'") (quoting Williamson v. Curran, 714 F.3d 432, 436 (7th Cir. 2013)). Specific to the procedural posture of this case, the court has held that "[d]istrict courts may . . . consider other documents attached to a motion to dismiss when they are referenced in the complaint and central to the plaintiff's claim." Lax v. Mayorkas, 20 F.4th 1178, 1181 n.1 (7th Cir. 2021) (citing 188 LLC v. Trinity Indus., Inc., 300 F.3d 730, 735 (7th Cir. 2002)). See also, Andersen v. Vill. of Glenview, 821 Fed. App'x 625, 627 (7th Cir. 2020) (". . . courts may consider outside exhibits that are central to the plaintiff's claim and referred to in the complaint, even if supplied by the defendants.").

The plaintiff correctly argues that he mentioned the note only once in his complaint—that reference appears in paragraph 14. He says that he did not

"quote" from it, but the complaint does paraphrase the note in explaining what it said. Dkt. No. 1 at ¶14. The plaintiff asserts that the note is not the only notice he gave the defendant that he needed to take leave, but the complaint does not mention any other form of notice. The complaint's description of the note's content is the only information the complaint provides about the basis for the plaintiff taking leave. The court concludes that the note is mentioned in the complaint and is integral to the claims in the complaint. The court declines the plaintiff's invitation to convert the defendant's motion into a motion for summary judgment, given the Seventh Circuit precedent cited above.

### 1. *First Claim for Relief – FFCRA Interference*

The plaintiff titles this claim "interference," then alleges that the defendant deprived him of "FMLA, FFCRA, EFMLEA and EPSLA entitlement in violation of 29 U.S.C. § 2615(a)(1)." Dkt. No. 1 at ¶26.

The defendant first argues that the Emergency Paid Sick Leave Act does not provide for a claim of interference. Dkt. No. 9 at 5. The defendant asserts that the EPSLA "does not protect an individual from interference with leave rights." Id. (citing Kovacevic v. Am. Int'l Foods Inc., No. 1:21-cv-72, 2021 WL 3629756 (W.D. Mich. Aug. 17, 2021)). The defendant quotes the statute and notes that the language does not include the terms "interfere," "interference" or "attempting to take leave." Id. at 5-6. The defendant then asserts that the EPSLA regulations do not support bringing an interference claim under the EPSLA. Id. at 6. It contends that "[t]he statute and regulations unambiguously provide that a violation of the EPSLA occurs only when an employer

7

discharged, disciplined, or in any other manner discriminated against an employee for taking leave." Id. It makes similar arguments about the Fair Labor Standards Act, arguing that the FLSA does not address any "interference" in one's rights under the EPSLA. Id. Finally, it argues that the "EPSLA was not incorporated into the F[amily] M[edical] L[eave] A[ct]" and cites several cases from other districts that have dismissed claims of interference under the EPSLA. Id. at 6-7.

Second, the defendant argues the plaintiff did not allege that he had a qualifying need for Emergency Family and Medical Leave Expansion Act leave. Id. at 7. The plaintiff does not disagree, stating that he has "not pled these allegations in his Complaint and does not dispute that he does not have a claim under the EFMLEA." Dkt. No. 10 at 2-3.

The plaintiff responds, however, that he properly stated a claim under the EPSLA "because he needed to care for his wife who was subject to a state quarantine order related to COVID-19 and because he was caring for his wife who had been advised by a health care provider to self-quarantine due to concerns related to COVID-19. Id. at 3. He argues that the EPSLA explicitly states that employees who take leave are entitled to the same or equivalent position upon return. Id. at 4 (citing 29 C.F.R. §826.130(a)). Reciting the language of the Families First Coronavirus Relief Act, the plaintiff asserts that the FFCRA creates an EPSLA interference claim. Id. He also says that it is inherent that an employer's failure to reinstate an employee as required by the statutes constitutes interference with that employee's right to reinstatement.

8

Id. at 4-5 (citing 29 U.S.C. §216(b)). He cites a single case in from the district court for the Middle District of Florida in support of his contention that "[t]he court has allowed EPSLA interference claims to proceed." Id. (citing Gracia v. Law Offices of Alexander E. Borell, P.A., 535 F. Supp. 3d 1268, 1270-73 (M.D. Fl. 2021)).

The EPSLA is located in Division E of the FFCRA. Generally, the EPSLA requires employers to provide paid sick time if an employee is unable to work or telework because of COVID-19. Families First Coronavirus Response Act, Pub. L. No. 116-127, §5102(a), 134 Stat. 178, 195 (2020). The COVID-related reasons must fall into one of six categories:

> **(i)** The Employee is subject to a Federal, State, or local quarantine or isolation order related to COVID-19;
>
> **(ii)** The Employee has been advised by a health care provider to self-quarantine due to concerns related to COVID-19;
>
> **(iii)** The Employee is experiencing symptoms of COVID-19 and seeking medical diagnosis from a health care provider;
>
> **(iv)** The Employee is caring for an individual who is subject to an order as described in this paragraph (a)(1)(i) or directed as described in this paragraph (a)(1)(ii);
>
> **(v)** The Employee is caring for his or her Son or Daughter whose School or Place of Care has been closed for a period of time, whether by order of a State or local official or authority or at the decision of the individual School or Place of Care, or the Child Care Provider of such Son or Daughter is unavailable, for reasons related to COVID-19; or
>
> **(vi)** The Employee has a substantially similar condition as specified by the Secretary of Health and Human Services, in consultation with the Secretary of the Treasury and the Secretary of Labor. The substantially similar condition may be defined at any point during the Effective Period. This rule became operational on April 1, 2020, and will be effective April 2, 2020, to December 31, 2020.

29 C.F.R. §826.20(a)(1); Pub. L. No. 116-127, §5102(a).

The Act also protects employees who take leave under these

circumstances,

> **(a) *Prohibited acts.*** An Employer is prohibited from discharging, disciplining, or discriminating against any Employee because such Employee took Paid Sick Leave under the EPSLA. Likewise, an Employer is prohibited from discharging, disciplining, or discriminating against any Employee because such Employee has filed any complaint or instituted or caused to be instituted any proceeding, including an enforcement proceeding, under or related to the EPSLA, or has testified or is about to testify in any such proceeding.

29 C.F.R. §826.150(a); Pub. L. No. 116-127, §5104. It provides its own

enforcement mechanism for violations of either §5102 (failure to pay during

leave) or §5104 (discharging, disciplining or otherwise discriminating based on

taking leave):

> **(b) *Enforcement* –**
>
> **(1) *Failure to provide Paid Sick Leave.*** An Employer who fails to provide its Employee Paid Sick Leave under the EPSLA is considered to have failed to pay the minimum wage as required by section 6 of the FLSA, 29 U.S.C. 206, and shall be subject to the enforcement provisions set forth in sections 16 and 17 of the FLSA, 29 U.S.C. 216, 217.
>
> **(2) *Discharge, discipline, or discrimination.*** An Employer who discharges, disciplines, or discriminates against an Employee in the manner described in subsection (a) is considered to have violated section 15(a)(3) of the FLSA, 29 U.S.C. 215(a)(3), and shall be subject to the enforcement provisions relevant to such violations set forth in sections 16 and 17 of the FLSA, 29 U.S.C. 216, 217.

29 C.F.R. §826.150(b); Pub. L. No. 116-127, §5105.

Instead of addressing either the acts prohibited by the EPSLA or the enforcement mechanism of the EPSLA, the plaintiff alleges that the defendant committed a violation through interference under 29 U.S.C. §2615(a)(1), a subsection of the Family Medical Leave Act that makes it "unlawful for any employer to *interfere* with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]." (emphasis added). But the language of the EPSLA does not tie it to the FMLA. The defendant has pointed to several cases supporting its position that a plaintiff cannot bring an interference claim under the EPSLA and that the EPSLA is separate from the FMLA. See Kovacevic, 2021 WL 3629756, at *3 ("Nor is there a provision in the EPSLA that specifically prohibited an employer from 'interfering' with an employee's rights under the statute."). See also Gomes v. Steere House, 504 F. Supp. 3d 15, 18 (D. R.I. 2020) ("[T]he EPSLA has no connection to the FMLA."); Thornberry v. Powell Cty. Detention Ctr., No. 5:20-271-DCR, 2020 WL 5647483, *2 (E.D. Ky. Sept. 22, 2020) ("The EPSLA does not amend the FMLA. Rather, it is a separate provision with enforcement provisions tied to the Fair Labor Standards Act). Since the defendant filed its motion, the Northern District of Texas issued an opinion following the holding in Kovacevic. See Alvarado v. ValCap Grp., LLC, No. 3:21-CV-1830-D, 2022 WL 19686, *3 (N.D. Tex. Jan. 3, 2022) (following the holding of Kovacevic and granting the defendant's motion to dismiss the "EPSLA claim to the extent it is based on the allegation that [the defendant] 'interfered' with [the plaintiff's] rights under the EPSLA.").

The case the plaintiff cites, on the other hand, does not support his contention. In Gracia, the plaintiff alleged, among other things, that the defendants interfered with her EPSLA protections by denying them and that they retaliated against her by firing her in response to her "need for benefits under the FFCRA." Gracia, 535 F. Supp. 3d at 1273, n.6. The Gracia court did not have the occasion to analyze whether the EPSLA or the FFCRA provide for interference or retaliation claims, because "Defendants do not seem to object to the actual cause of action—FFCRA Interference and FFCRA Retaliation . . . ." Id. The plaintiff has not cited any case law recognizing an interference claim under the EPSLA.

The language of the FFCRA does not support a claim for interference under the EPSLA. The EPSLA neither prohibits interference nor adopts or amends the FMLA. The plaintiff cannot state a claim for EPSLA interference. The court will dismiss without prejudice the plaintiff's EPSLA interference claim.

    2.    *Second Claim for Relief – FFCRA Retaliation*

The plaintiff's claims regarding retaliation are as sparse as those regarding interference. He asserts that the defendant violated 29 U.S.C. §2615(a)(2) by "taking the materially adverse action of constructively discharging [his] benefits and employment on account of his activity protected by the FMLA, FFCRA, EFMLEA and EPSLA," and that the allegations of the complaint "regarding the intentional discriminatory practices of [the defendant], were not made with good faith or reasonable grounds for believing

12

that the conduct did not violate" that alphabet soup of statutes. Dkt. No. 1 at ¶¶29-30.

The defendant argues that the plaintiff failed to state a claim for retaliation under the Families First Coronavirus Response Act. Dkt. No. 9 at 8. First, the defendant asserts that the plaintiff failed to allege that he engaged in an activity protected by the EPSLA. Id. The defendant contends that the court may analyze an EPSLA retaliation claim "under the framework of an FLSA retaliation claim." Id. (citing Kofler v. Sayde Steeves Cleaning Serv., Inc., No. 8:20-cv-1460-T-33, 2020 WL 5016902, at *2 (M.D. Fla. Aug. 25, 2020)). The defendant asserts that "to state a claim that [the defendant] retaliated against [the plaintiff] for taking EPSLA leave, [the plaintiff] must allege that he took leave pursuant to the EPSLA." Id. at 9 (citing FFCRA §5104; 29 C.F.R. §826.150(a)). According to the defendant, the complaint failed to allege that the plaintiff sought leave under the EPSLA or that he satisfied the notice requirement to trigger EPSLA leave. Id. at 9 and n.6. The defendant also argues that the plaintiff failed to allege that he engaged in activity protected under the Emergency Family and Medical Leave Expansion Act. Id. at 10. The plaintiff again responds that he is not seeking to bring a claim under the EFMLEA. Dkt. No. 10 at 3.

The plaintiff responds, however, that he was engaged in an activity protected by the EPSLA. Id. at 5-6. Specifically, he points to his allegation that he gave the defendant notice that he needed to take care of his wife for reasons related to COVID-19. Id. at 6. He says that his notice of intent to take leave

13

amounts to notice that he was seeking leave, and that he did not need to plead that he actually *took* leave in order to proceed on his claim under the EPSLA. Id. (citing Gracia, 535 F. Supp. 3d at 1268). He also says that the notice was sufficient and that it was the defendant's responsibility to notify him if there were deficiencies in his notice. Id. at 7 n.2.

The plaintiff also argues that he "has alleged facts that entitle him to EPSLA leave under two separate criteria." Id. at 6. He refers to the "first and fourth categories," as well as the "second and fourth categories," both of which he believes he satisfies based on his need to care for his wife under the circumstances. Id. at 7-8. He says that his wife was required to quarantine under Wisconsin's Safer at Home Order because she was at high risk of severe illness from COVID-19, and that this entitled him to leave under the EPSLA. Id. at 8.

The plaintiff also argues that he can bring a retaliation claim even if he was not entitled to sick leave. Id. at 8 (citing Gomes, 504 F. Supp. 3d at 18-19). He asserts that he is "entitled to protection under the EPSLA for any type of COVID-19 related absence." Id. He asserts that the statute draws a distinction between "paid sick time" under §5102(a) and "leave" under §5104(1), but states that any absence related to COVID-19 is protected by the EPSLA whether or not the employee qualifies for paid sick leave. Id. at 9 (citing Gracia, 535 F. Supp. 3d 1268).

The FFCRA prohibits employers from discharging, disciplining or discriminating against an employee for taking paid sick leave under the EPSLA.

29 C.F.R. §826.150(a); Pub. L. No. 116-127, §5104. The statute requires the employee to "take leave in accordance with" the EPSLA in order to recover for retaliation. Pub. L. No. 116-127, §5104(1).

The EPSLA states that "[a]n Employer who discharges, disciplines, or discriminates against an Employee in the manner described in subsection (a) is considered to have violated section 15(a)(3) of the FLSA, 29 U.S.C. 215(a)(3)." 29 C.F.R. §826.150(b)(2); Pub. L. No. 116-127, §5105. This means that the plaintiff "must plausibly allege that [he] took leave in accordance with the EPSLA to state a claim for retaliation under § 5104." Johnson v. Gerresheimer Glass, Inc., No. 21-cv-4079, 2022 WL 117768, *4 (N.D. Ill. Jan. 12, 2022). The plaintiff must allege that the defendant retaliated against him for taking EPSLA leave.

The complaint states that the plaintiff "provided sufficient notice to [the defendant] of his intent to take FFCRA leave." Dkt. No. 1 at ¶15. The complaint states no facts in support of this legal conclusion. The complaint makes no other mention of the allegedly adequate notice, and the April 1, 2020 doctor's note stated that the plaintiff had asked for medical documentation supporting his request to work from home, that the request "is felt medically appropriate as [the plaintiff's] wife has a chronic medical condition that puts her at high risk for complications should she acquire the COVID-19 infection" and that given the community spread of the virus in Waukesha County, the plaintiff's "necessity to work from home is warranted to help prevent his spread of the COVID-19 infection to his wife." Dkt. No. 9-1 at 2. As the defendant argues,

this shows only that the plaintiff intended (and perhaps sought permission) to *work from home*, rather than coming into the workplace. The complaint implies that the plaintiff may have done just that—worked from home—because it asserts that on June 5, 2020, the defendant told the plaintiff to return to the workplace during normal working hours, and that the defendant took responsibilities from him that he had prior to exercising his statutory rights. Dkt. No. 1 at ¶¶20-22. But the complaint never states that the plaintiff asked for or took paid sick leave under the EPSLA.

The court will dismiss without prejudice the plaintiff's EPSLA retaliation claim.

### 3. *FMLA*

The last portion of the defendant's motion addresses what it calls the plaintiff's "allegations vaguely referenc[ing] the FMLA." Dkt. No. 9 at 10. The defendant indicates that it cannot determine whether the plaintiff intends to bring an FMLA claim because he does not allege that he sought leave for any of the reasons enumerated in the FMLA. Id. at 10-11. The defendant asserts the plaintiff has not alleged that he suffered from a serious health condition for which he needed leave from work. Id. at 11-12. The defendant argues that the doctor's note did not indicate that the plaintiff's wife needed inpatient care or continuing treatment by a healthcare provider, and asserts that the letter's vague reference to a "chronic medical condition" does not suffice to state entitlement to FMLA leave. Id. at 12. The defendant also asserts that the plaintiff did not provide proper notice of his intent to take FMLA leave. Id. The

defendant says that the plaintiff was required to give the defendant a reason to believe that he was entitled to leave. Id. (citing Aubuchon v. Knauf Fiberglass GmbH, 359 F.3d 950, 952 (7th Cir. 2004)). The defendant says that the doctor's note indicated that the plaintiff should be allowed to work from home but did not state that he required leave from work. Id.

The defendant also argues that the plaintiff failed to state a claim for retaliation under the FMLA. Id. at 13. It reiterates that the plaintiff did not allege that he was engaged in a protected activity. Id. (citing 29 U.S.C. §2615(a)(1); Abraham v. Bd. of Regents of the Univ. of Wis. Sys., No. 15-cv-1116-pp, 2016 WL 7350976, at *2 (E.D. Wis. Dec. 19, 2016)). Specifically, the defendant asserts that the plaintiff did not allege that actually took leave, or that he requested or attempted to take FMLA leave. Id. The defendant reiterates that the plaintiff only was seeking to work from home. Id.

The plaintiff says that he "clearly" has asserted an FMLA claim[1] and argues that that the FMLA permits an employee to take leave to care for a spouse with a serious health condition. Dkt. No. 10 at 9 (citing 29 U.S.C. §2612(a)(1)). He argues that "[a]n employer may not interfere, discriminate, or retaliate against an employee who attempts to exercise their rights under the FMLA." Id. at 9-10 (citing 29 U.S.C. §2615). He states that he "can still have a claim under the FMLA absent a claim under the FFCRA." Id. at 10.

---

[1] The complaint contains two counts, each titled. Neither title mentions the FMLA.

The plaintiff argues that his wife has a serious health condition. Id. He contends that it can be "reasonably inferred that a chronic health condition would require continuing treatment by its very nature." Id. He also argues that Rule 8 does not require him to prove his case at the pleading stage and that his complaint plausibly alleges facts showing that his wife has a serious health condition supporting his need for leave. Id. (citing Alexander v. United States, 721 F.3d 418, 424 (7th Cir. 2013)). Similarly, he argues that his complaint states that he did request leave, satisfying the notice requirement. Id.

Finally, the plaintiff argues that he has plausibly alleged FLMA retaliation. Id. at 11. He points to the allegations in the complaint that the defendant took away job responsibilities he had prior to exercising his rights and that the defendant eventually terminated him for exercising those rights. Id.

a.    FMLA Interference

The FMLA makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" the Act. 29 U.S.C. §2615(a)(1). To state a claim for interference under the FMLA, the plaintiff must allege that:

> (1) he was eligible for the FMLA's protections, (2) his employer was covered by the FMLA, (3) he was entitled to leave under the FMLA, (4) he provided sufficient notice of his intent to take leave, and (5) his employer denied [or interfered with] … FMLA benefits to which he was entitled.

18

_Preddie v. Bartholomew Consol. Sch. Corp._, 799 F.3d 806, 816 (7th Cir. 2015). The defendant disputes that the plaintiff was eligible for the FMLA's protections and whether he provided sufficient notice to his employer.

The FMLA entitles an eligible employee to twelve weeks of leave to care for a spouse with a serious health condition. 29 U.S.C. §2612(a)(1)(C). "Serious health condition" is defined as "an illness, injury, impairment, or physical or mental condition that involves—(A) inpatient care in a hospital, hospice, or a residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. §2611(11).

The complaint states that the plaintiff's wife "was medically restricted to her home and has a medical condition that puts her at high risk for complications due to viruses such as COVID-19." Dkt. No. 1 at ¶14. Although the plaintiff's response to the motion to dismiss states that his wife's medical condition is "chronic" and requires "continuing treatment by its very nature," dkt. no. 10 at 10, the complaint does not allege as much. The complaint does not allege that the plaintiff's wife requires inpatient care or continuing treatment for her medical condition. The doctor's note mentions that she has a "chronic medical condition," dkt. no. 9-1 at 2, but says nothing about continuing medical treatment. Even in his response to the motion to dismiss, the plaintiff has not suggested or stated that his wife required inpatient care or continuing treatment by a healthcare provider.

The court already has observed that the complaint makes no other mention of the plaintiff's allegedly adequate notice and that the doctor's note

states only that the plaintiff needed to work from home to protect his wife from COVID-19 infection. Dkt. No. 9-1 at 2. The note does not state that the plaintiff was required to take leave. The plaintiff has not supported his legal conclusion that his notice to the defendant was "sufficient."

Because the plaintiff has not sufficiently alleged that he provided notice to the defendant of his intent to take leave, the plaintiff has failed to state a claim for FMLA interference. Although the plaintiff's wife suffers from a "serious health condition," the complaint does not state facts sufficient to show that that condition qualified the plaintiff to take FMLA leave, and does not allege that he sought or took that leave. The court will dismiss without prejudice the plaintiff's FMLA interference claim.

b.     FMLA Retaliation

To state a claim for FMLA retaliation, the plaintiff must allege: "(1) the employee engaged in statutorily protected activity; (2) the employer took adverse action against the employee; and (3) the protected activity caused the adverse action." Freelain v. Vill. of Oak Park, 888 F.3d 895, 901 (7th Cir. 2018) (citing Pagel v. TIN, Inc., 695 F.3d 622, 631 (7th Cir. 2012)).

The plaintiff says his complaint "includes additional retaliation allegations including that [the defendant] took away [the plaintiff's] job responsibilities he had prior to exercising his FMLA rights and that he was terminated for exercising his FMLA rights." Dkt. No. 10 at 11. The complaint states that the defendant did so "on account of his activity protected by the FMLA . . .." Dkt. No. 1 at ¶¶21-22, 29. It does not describe the FMLA-protected

activities in which the plaintiff engaged. The court can reasonably infer that the plaintiff is referring to the leave to which he believes he was entitled under the FMLA, see 29 U.S.C. §2615(a), but the court has already determined that he did not sufficiently allege that he provided adequate notice to satisfy the FMLA's requirement. The plaintiff's complaint lacks necessary factual allegations to state a claim under the FMLA.

The court will dismiss without prejudice the plaintiff's FMLA retaliation claim and allow him an opportunity to file an amended complaint.

## III. Motion for Leave to File Amended Complaint (Dkt. No. 12)

The parties concluded the briefing on the motion to dismiss on November 3, 2021. On August 8, 2022—nine months later—the plaintiff filed a motion for leave to amend the complaint, dkt. no. 12, along with a proposed amended complaint, dkt. no. 12-1. The Seventh Circuit has held that

> [o]rdinarily, "a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed. We have said this repeatedly." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Northwest Indiana*, 786 F.3d 510, 519 (7th Cir. 2015) (collecting cases). The decision to deny the plaintiff such an opportunity "will be reviewed rigorously on appeal." *Id.* "Unless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss." *Id.* at 519-20, quoting *Barry Aviation Inc. v. Land O'Lakes Municipal Airport Commission*, 377 F.3d 682, 687 (7th Cir. 2004). Reasons for denying leave to amend include "futility, undue delay, prejudice, or bad faith." *Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 417 (7th Cir. 2019).

Saint Anthony Hospital v. Eagleson, 40 F.4th 492, 517 (7th Cir. 2022).

The court cannot conclude that it would be futile to allow the plaintiff to amend his complaint. It will grant the motion for leave to amend and will direct the clerk's office to docket the proposed amended complaint as the operative complaint. The court notes, however, that the fact that it is granting the motion and allowing the plaintiff to file the proposed amended complaint does not mean that that amended complaint addresses the deficiencies identified in this order. Once the court received the motion for leave to amend, it could have granted that motion without ruling on the motion to dismiss, rendering that motion moot. Instead, the court chose to rule on the motion, to give the plaintiff an opportunity—should he choose to take it—to address the deficiencies discussed above. The court will give the plaintiff a deadline by which to file a second amended complaint, if he chooses to do so. If the court does not receive a second amended complaint by the deadline the court sets, the proposed amended complaint will remain the operative complaint.

## IV. Conclusion

The court **GRANTS** the defendant's motion to dismiss. Dkt. No. 8.

The court **GRANTS** the plaintiff's motion for leave to file an amended complaint. Dkt. No. 12. The court **ORDERS** that the clerk's office must docket the proposed amended complaint (Dkt. No. 12-1) as the operative complaint.

The court **ORDERS** that if the plaintiff wishes to file a second amended complaint, he must do so in time for the court to *receive* it by the end of the day on **September 16, 2022**. If the court does not receive a second amended complaint by the end of the day on September 16, 2022, the first amended

complaint will be the operative complaint and the defendant must answer or otherwise respond to that amended complaint.

Dated in Milwaukee, Wisconsin this 16th day of August, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**